UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LLOYD BARKER,

                Plaintiff,

    v.

JOHN DOE DOCTOR,

               Defendant.

9:15-CV-0869
(BKS/DEP)
(LEAD CASE)

---

LLOYD BARKER,

                Plaintiff,

    v.

THE STATE OF NEW YORK, et al,

                Defendants.

9:15-CV-0872
(LEK/DJS)
(MEMBER CASE)

---

LLOYD BARKER,

                Plaintiff,

    v.

DOCTOR ZAKIS, et al.,

                Defendants.

9:15-CV-1038
(TJM/DEP)
(MEMBER CASE)

---

APPEARANCES:

LLOYD BARKER
Plaintiff, pro se
CNY PC
Ward 601
P.O. Box 300
Marcy, NY 13403

BRENDA K. SANNES
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

Presently before the Court is a complaint filed by pro se plaintiff Lloyd Barker in *Barker v. John Doe Doctor*, No. 9:15-CV-0869 ("*Barker I*"), together with an application to proceed in forma pauperis.[1]  *Barker I*, Dkt. Nos. 1, 2.  The Clerk of the Court has advised the Court of related complaints filed by plaintiff in *Barker v. The State of New York*, No. 9:15-CV-0872 (LEK/DJS) ("*Barker II*") and *Barker v. Zakis*, No. 9:15-CV-1038 (TJM/DEP) ("*Barker III*").  *See Barker II*, Dkt. No. 2 and *Barker III*, Dkt. No. 1.  Plaintiff is presently confined at the Central New York Psychiatric Center and has filed in forma pauperis applications in all three actions.[2]  *Barker I* at Dkt. No. 9; *Barker II* at Dkt. No. 7; *Barker III* at Dkt. No. 5.  In *Barker II*, as more fully discussed below, Senior United States District Judge Lawrence E. Kahn granted plaintiff's in forma pauperis application, sua sponte dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; but granted plaintiff permission to submit an amended complaint in that action.  *See Barker II*, Dkt. No. 10.

For the reasons set forth below, *Barker I*, *Barker II*, and *Barker III* are consolidated, plaintiff's applications to proceed in forma pauperis in *Barker I* and *Barker III* are denied as moot, and plaintiff's complaints in *Barker I* and *Barker III* are sua sponte dismissed

---

[1]  This action was originally filed in the Southern District of New York on May 21, 2015, and was transferred to this District by Order of Chief United States District Judge Loretta A. Preska of the Southern District of New York.  Dkt. No. 6.

[2]  Plaintiff was an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") when he filed each of these actions.  *See Barker I*, Dkt. No. 1 at 1; *Barker II*, Dkt. No. 2 at 1; and *Barker III*, Dkt. No. 1 at 5.  According to the DOCCS website, plaintiff was released to another agency on August 25, 2015.  Plaintiff's maximum expiration date is listed as January 24, 2017.  *See* http://nysdoccslookup.doccs.ny.gov/ (information for inmate Lloyd Barker, DIN 99-B-0916) (last visited October 29, 2015).

pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted unless, within thirty (30) days of the date of this Decision and Order, plaintiff files a **consolidated** amended complaint that cures the pleading defects identified in the Decision and Order issued by Senior District Judge Kahn in *Barker II* and this Decision and Order.

## II. DISCUSSION

### A. Summary of the Complaints in *Barker I*, *Barker II*, and *Barker III*

In all three actions, plaintiff asserts Eighth Amendment medical indifference claims relating to alleged failure to receive adequate medical treatment for problems he was having with his ears. The claims arose at the Marcy Correctional Facility ("Marcy C.F.") and Mohawk Correctional Facility ("Mohawk C.F.") in 2015. The facts, as alleged by plaintiff in each complaint, are set forth below.

#### 1. *Barker I*

While incarcerated at Marcy C.F., plaintiff told the nurses and doctors that he suffered from a perforated right ear drum which required draining. *Barker I*, Dkt. No. 2 at 5. Plaintiff went to the infirmary to see the doctor and was told that they were scheduling him to see an ear, nose, and throat specialist in February 2015, but the appointment was not made until April 2015, and then it was postponed.[3] *Id*. at 4-5. Plaintiff has lost hearing in his right ear and the hearing in his left ear has decreased "to 60/40 percent." *Id*. at 8. Plaintiff's hearing aid stopped working on January 16, 2015. *Id*. at 5. Plaintiff gets dizzy, he lacks coordination, and he "throw[s] up meals even with the medication that [he is]

---

[3] Plaintiff does not identify who "they" were.

3

given." *Id*. Plaintiff names John Doe Doctor at Marcy C.F. as the sole defendant. *Id*. at 1. Construed liberally, the complaint alleges a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

### 2. *Barker II*

Upon arrival at Marcy C.F., plaintiff told the nurses and doctors that he suffered from a perforated right ear drum that required treatment. *Barker II*, Dkt. No. 2 at 4. Plaintiff alleges that on "different dates and times," while confined in his cell, he experienced dizziness and pressure in his right ear causing him to lose his balance. *Id*. at 3. Plaintiff had to avoid falling by remaining seated on his bed. *Id*. Plaintiff told "them" about the incidents but "no one did anything."[4] *Id*. After three months, plaintiff was informed that he had an appointment, "but it was postponed."[5] *Id.* As a result, plaintiff's hearing in his left ear has decreased " to 60/40 percent," he is going deaf in his right ear, and he is losing his coordination. *Id.* at 3-4. In January 16, 2015, plaintiff's hearing aid "quit operating." *Id*. at 4. Plaintiff names The State of New York and John Doe Doctor at Marcy C.F. as defendants. *Id*. at 1. Construing plaintiff's allegations liberally, Judge Kahn found that plaintiff intended to set forth a claim under the Eighth Amendment for deliberate indifference to serious medical needs.

### 3. *Barker III*

While confined at Marcy C.F. in February, 2015, plaintiff told defendant Dr. Zakis that plaintiff's right inner ear needed to be drained. *Baker III*, Dkt. No. 1 at 3. Dr. Zakis

---

[4] Plaintiff does not identify "them" in any respect.

[5] The complaint lacks any information with respect to where, when, or with whom plaintiff had an appointment.

told plaintiff that he should wait until he goes to the Walsh Clinic, which is located in Mohawk C.F., to "see what they say."[6] *Id*. When plaintiff went to the Walsh Clinic, "[t]hey didn't drain [plaintiff's ear] or say anything." *Id*. "They" sent plaintiff for a CT scan in July, 2015, but as of August, 2015, plaintiff had received no results.[7] *Id*. Plaintiff suffers from dizziness and vomiting, and fell several times in his cell. *Id*. In August, 2015, plaintiff stopped taking his medication because it was not helping him. *Id*. Dr. Zakis told plaintiff he would get "sick stopping the thyroid medication." *Id*. Plaintiff now requires a hearing aid for his left ear. *Id*. Plaintiff names Doctor Zakis at Marcy C.F., The State of New York, and Doctor at Walsh Clinic Otolaryngology Unit at Mohawk C.F. as defendants. Construed liberally, the complaint alleges claims for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment.

**B. Consolidation**

Under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Upon review of the three complaints, the Court finds that common questions of law and/or fact exist in these cases. Therefore, the Court hereby consolidates these actions.

---

[6] Although not entirely clear, it appears that Dr. Zakis may be the same individual previously identified only as John Doe Doctor at Marcy C.F. in the complaints in *Barker I* and *Barker II*.

[7] Plaintiff does not indicate who "they" are.

Fed. R. Civ. P. 42(a). *Barker I* shall be referred to and treated as the "lead" case, and all subsequent orders of the Court and papers that are submitted by the parties hereto that pertain to any of the three foregoing actions shall be filed in *Barker I*.

### C. In Forma Pauperis Status

Plaintiff filed in forma pauperis applications in all three of his actions. *See Barker I*, Dkt. No. 9; *Barker II*, Dkt. No. 7; and *Barker III*, Dkt. No. 5. In *Barker II*, Senior District Judge Kahn granted plaintiff's in forma pauperis application. *Barker II*, Dkt. No. 10 at 9. Because *Barker I*, *Barker II*, and *Barker III* have been consolidated, plaintiff is entitled to proceed in forma pauperis in this consolidated action based upon the grant of in forma pauperis status in *Barker II*.[8] Accordingly, plaintiff's in forma pauperis applications in *Barker I* (Dkt. No. 9) and *Barker III* (Dkt. No. 5) are denied as moot.

### D. Standard of Review for the Complaints

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, Section 1915A(b) directs that a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be

---

[8] Thus, plaintiff will only pay one filing fee for the three consolidated actions.

granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints). Thus, although the court has the duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action in forma pauperis.[9]

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing

---

[9] "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241 (TJM/RFT), 2008 WL 268215, at *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources[.]" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Id.* at 325.

7

*Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### E. Judge Kahn's Decision and Order in *Barker II*

After reviewing plaintiff's complaint in *Barker II* pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b), Judge Kahn found that plaintiff's claims against The State of New York were barred by the Eleventh Amendment and dismissed those claims with prejudice. *Barker II*, Dkt. No. 10 at 6.

With respect to plaintiff's Eighth Amendment deliberate medical indifference claims against defendant John Doe Doctor at Marcy C.F., Judge Kahn noted that "[t]o state an Eighth Amendment claim for medical indifference, a plaintiff must allege that the defendant was deliberately indifferent to a serious medical need." *Barker II*, Dkt. No. 10 at 6-7 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Judge Kahn found that, even assuming that plaintiff's injuries were sufficiently serious, plaintiff had

> not sufficiently plead that any individual was deliberately indifferent to his medical needs. The Complaint lacks the date(s) or any specific facts regarding when Plaintiff experienced "dizziness" and pressure. Moreover, the Complaint is void of any facts establishing when or to whom Plaintiff made sick call requests, the nature of his requests, and when/why the requests were denied. Plaintiff's conclusory allegations that "nobody did anything" are insufficient to state a claim for a constitutional violation. *See Kee v. Hasty*, No. 01 Civ. 2123, 2004 WL 807071, at *29 (S.D.N.Y. April 14, 2004) (dismissing complaint where the inmate failed to specify the dates on which he was denied proper treatment, the nature of his needs on those dates, and the nature of the treatment that was purportedly denied by the defendants). At best, the Complaint contains allegations related to negligence and malpractice, which are not actionable under § 1983. *See Morales v. N.Y. State Dep't of Corr*., 842 F.2d 27, 30 (2d Cir. 1988); *see also*

8

>  *Hathaway* [*v. Coughlin*], 99 F.3d [550,] 553 [(2d Cir. 1996)].

*Barker II*, Dkt. No. 10 at 7-8. Moreover, Judge Kahn found that plaintiff's allegations against defendant John Doe Doctor were "also subject to dismissal based upon the failure to plead personal involvement on the part of John Doe Doctor or any individual." *Id*. at 8. Thus, plaintiff's Eighth Amendment deliberate indifference claims against defendant John Doe Doctor were dismissed without prejudice and plaintiff was granted leave to submit an amended complaint with respect to those claims within thirty days of Judge Kahn's Decision and Order.[10] *Id*. at 9-10.

### F. Review of Complaints in *Barker I* and *Barker III*

#### 1. *Barker I*

The complaint in *Barker I* asserts Eighth Amendment medical indifference claims against John Doe Doctor. *See Barker I*, Dkt. No. 2. Those claims are virtually identical to the claims asserted against John Doe Doctor in the complaint in *Barker II*. *Compare Barker I*, Dkt. No. 2 *with Barker II*, Dkt. No. 2. Therefore, the complaint in *Barker I* is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted for the same reasons set forth in Judge Kahn's well-reasoned Decision and Order in *Barker II*. *See Barker II*, Dkt. No. 10.

#### 2. *Barker III*

##### a. The State of New York

---

[10] Plaintiff was required to submit his amended complaint in *Barker II* on or before October 23, 2015. *Barker II*, Dkt. No. 10. Plaintiff did not submit an amended complaint in *Barker II*. However, since *Barker II* will now be consolidated with *Barker I* and *Barker III*, plaintiff will have an additional opportunity to amend the claims against John Doe Doctor by submitting a consolidated amended complaint in this action.

9

Initially, the Court notes that plaintiff seeks monetary damages and injunctive relief against defendant The State of New York. *Barker III*, Dkt. No. 1 at 1, 4. As Judge Kahn noted in his Decision and Order in *Barker II*, plaintiff's claims against the State of New York are barred by the Eleventh Amendment.[11] *Barker II*, Dkt. No. 10 at 6. Thus, The State of New York and all claims against it are dismissed with prejudice.

### b. Dr. Zakis and the Unnamed Doctor at Walsh Clinic

To state an Eighth Amendment claim for medical indifference, a plaintiff must allege that the defendant was deliberately indifferent to a serious medical need. *See Farmer*, 511 U.S. at 825, 834. Deliberate indifference has two necessary components, one objective and the other subjective. *See Hathaway*, 99 F.3d at 553. Objectively, the deprivation must be "sufficiently serious," creating a risk of "death, degeneration, or extreme pain." *Id*. Subjectively, the official must have the requisite state of mind, which is the "equivalent of criminal recklessness." *Id*.

The protections afforded by the Eighth Amendment do not extend to remedy harms which may be inflicted as a result of conduct amounting to negligence or medical malpractice but not encompassing conscious disregard of an inmate's health. An "inadvertent failure to provide adequate medical care" does not constitute "deliberate indifference." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Moreover, a complaint that

---

[11] In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution. Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *see also Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 32 (2d Cir. 1991) (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities).

a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment." *Id*. Stated another way, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.*; *see also Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation.").

Additionally, "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Id*.; *Graham v. Gibson,* No. 04-CV-6088, 2007 WL 3541613, at *5 (W.D.N.Y. Nov. 14, 2007) ("Courts have repeatedly held that disagreements over treatment do not rise to the level of a Constitutional violation."); *Jones v. Westchester Cnty. Dep't of Corrs. Med. Dep't*, 557 F. Supp. 2d 408, 413 (S.D.N.Y. 2008) (The word "adequate" reflects the reality that "[p]rison officials are not obligated to provide inmates with whatever care the inmates desire. Rather, prison officials fulfill their obligations under the Eighth Amendment when the care provided is 'reasonable.'"). "Determinations made by medical providers within their discretion are given a 'presumption of correctness' when it concerns the care and safety of patients." *Mendoza v. McGinnis,* No. 9:05-CV-1124 (TJM/DEP), 2008 WL 4239760, at *11 (N.D.N.Y. Sept. 11, 2008). Thus, "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . . are not

11

adequate grounds for a section 1983 claim." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001); *see also Estelle*, 429 U.S. at 107 (noting that medical decisions such as whether or not to order X-rays or other "diagnostic techniques" do not rise to the level of cruel and unusual punishment but are, at most, indicative of medical malpractice).

Even assuming that plaintiff suffered from a serious medical need, plaintiff does not set forth facts to plausibly suggest that either Dr. Zakis or the unnamed doctor at the Walsh Clinic denied him medical care for those needs. Plaintiff alleges that defendant Dr. Zakis denied plaintiff's request to have his ear drained because plaintiff was scheduled to see an ear, nose, and throat specialist and Dr. Zakis wished to await the specialist's recommendation. *Barker III*, Dkt. No. 1 at 3. Plaintiff further alleges that plaintiff voluntarily chose to discontinue his thyroid medicine because he did not believe it was helping him, even though Dr. Zakis told plaintiff that stopping the medication would make him sick. *Id*. None of these allegations suggest that defendant Dr. Zakis denied plaintiff medical treatment; at best plaintiff only alleges that Dr. Zakis scheduled him for more appropriate treatment than he himself could provide. With respect to plaintiff's treatment at the Walsh Clinic, plaintiff alleges that "[t]hey didn't drain [his ear] or say anything" and "they" sent him for a CT scan. *Id*. Plaintiff does not associate these actions with the unnamed doctor at the Walsh Clinic, however, even if he did, plaintiff fails to allege that his medical needs were not addressed. Instead, plaintiff alleges that he was sent for further testing in the form of a CT scan and had yet to receive the results of the CT scan when he filed his complaint. At best plaintiff alleges that he disagreed with the treatment provided by Dr. Zakis and by the unnamed doctor at the Walsh Clinic. Moreover, the complaint

12

contains no facts to plausibly suggest that either Dr. Zakis or the unnamed doctor at the Walsh Clinic culpably and deliberately disregarded plaintiff's medical needs. Finally, to the extent that plaintiff alleges that he now needs a hearing aid because of "all the DELIBERATE INDIFFERENCE, NEGLIGENCE, and MALPRACTICE," this conclusory allegation is insufficient to allege an Eighth Amendment medical indifference claim. *See Iqbal*, 556 U.S. at 678 (Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also Smith*, 316 F.3d at 184 ("[T]he Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law.").

Accordingly, the Eighth Amendment medical indifference claims against Dr. Zakis and the unnamed doctor at Walsh Clinic are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### G. Status of the Pleadings

Upon review, and with due regard for plaintiff's status as a pro se litigant, the complaints in *Barker I*, *Barker II*, and *Barker III* have been found to be insufficient to survive sua sponte review and subject to dismissal without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. In light of his pro se status and because these actions are now consolidated, plaintiff is afforded the opportunity to file a **single signed consolidated amended complaint** if he wishes to proceed with this consolidated action. *See Gomez v. USAA Fed.*

*Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). In any consolidated amended complaint that plaintiff submits in response to this Decision and Order, he should set forth a short and plain statement of the facts on which he relies to support his claims that the individuals named as defendants engaged in misconduct or wrongdoing that violated his constitutional rights.[12] Plaintiff is advised that any consolidated amended complaint will completely replace the prior complaints in *Barker I*, *Barker II*, and *Barker III*, and that no portion of any of those prior complaints shall be incorporated into his consolidated amended complaint by reference. Plaintiff is advised that if he fails to submit a signed consolidated amended complaint within thirty (30) days of the filing date of this Decision and Order, the Court will, without further order, dismiss this consolidated action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk of the Court consolidate *Barker I* (No. 9:15-CV-0869), *Barker II* (No. 9:15-CV-0872), and *Barker III* (No. 9:15-CV-1038). The Clerk shall reassign these consolidated actions to the Honorable Brenda K. Sannes as presiding District Judge and shall refer the consolidated actions to the Honorable David E. Peebles as Magistrate Judge. *Barker I* shall be referred to and treated as the "Lead Case", and all subsequent Orders of the Court and papers that are submitted by the parties hereto that pertain to any

---

[12] In other words, plaintiff should combine his allegations regarding his Eighth Amendment medical indifference claims arising at Marcy C.F. and Mohawk C.F. into one consolidated amended complaint which should include all of the defendants he intends to name.

14

of the foregoing actions shall be filed in *Barker I*; and it is further

**ORDERED** that the Clerk of the Court place a copy of this Decision and Order in the file of *Barker II* and *Barker III*; and it is further

**ORDERED** that the Clerk of the Court shall place copies of the following documents in the file of this Lead Case: (1) the complaint and the September 23, 2015 Decision and Order of District Judge Kahn issued in *Barker II*, and (2) the complaint in *Barker III*; and it is further

**ORDERED** that in light of the consolidation of *Barker I*, *Barker II*, and *Barker III*, and because plaintiff's application to proceed in forma pauperis was already granted in *Barker II*, plaintiff's applications to proceed in forma pauperis in *Barker I* and *Barker III* are **DENIED as moot**; and it is further

**ORDERED** that the Clerk of the Court shall edit the docket in the Lead Case to include the following additional defendants: "Doctor Zakis, Marcy Correctional Facility"; "The State of New York"; and "John/Jane Doe Doctor at Walsh Clinic Otolaryngology Unit, Mohawk Correctional Facility";[13] and it is further

**ORDERED** that The State of New York and all claims against it are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment; and it is further

**ORDERED** that if plaintiff wishes to proceed with this consolidated action he must file a signed consolidated amended complaint **within thirty (30) days** of the filing date of this Decision and Order as set forth above. The Clerk is directed to provide plaintiff with a

---

[13] Because the Doctor at Walsh Clinic is not identified by name, he or she will be referred to a John/Jane Doe defendant.

15

blank civil rights form complaint; and it is further

**ORDERED** that in the event plaintiff fails to submit a signed consolidated amended complaint **within thirty (30) days** from the filing date of this Decision and Order, the Clerk shall, without further order of this Court, enter judgment noting that this consolidated action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) due to plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Decision and Order and the September 23, 2015 Decision and Order of Senior District Judge Kahn issued in *Barker II*. In that event, the Clerk shall close *Barker I*, *Barker II*, and *Barker III*; and it is further

**ORDERED** that upon the filing of plaintiff's consolidated amended complaint this matter shall be returned to the Court for further review; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: November 5, 2015
       Syracuse, NY

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge

16